RECEIVED
FEBRUARY 15, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Reginald Wiggins,       )
        Plaintiff,  )
vs.                     )
                        )
Allied Tube & Conduit Company,  )
        Defendant.  )

**08 C 978**

## COMPLAINT

**JUDGE ZAGEL**
**MAGISTRATE JUDGE SCHENKIER**

The Plaintiff, Reginald Wiggins, by and through his attorney, Stuart K. Jones, complains that the Defendant, Allied Tube & Conduit Company (hereinafter "Allied"), discriminated against him in violation of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq., on the basis of his race, and in support of that claim states that:

### NATURE OF THE ACTION

1. This action is brought for lost back pay damages, compensatory damages and punitive damages, costs of the lawsuit, attorney fees, and other appropriate recovery because Allied discriminated against the Plaintiff on the basis of his race in the terms and conditions of his employment by not promoting him to a supervisory position.

### JURISDICTION

2. At all times relevant to this action Mr. Wiggins resided in the Northern District of Illinois at 17615 Balmoral Lane, Hazel Crest, Illinois, 60429.

3. At all times relevant to this action Allied was a corporation doing business in the Northern District of Illinois at 16100 Lathrop Street, in Harvey, Illinois.

4. Allied is an employer within the meaning of Title VII because it employed more than fifteen employees during 2006 and 2007.

5. On September 25, 2006, the Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights. On July 17, 2007, the Department made a finding of Substantial Evidence as to the charge and, on July 24, 2007, filed a Complaint of Civil Rights Violation with the Illinois Human Rights Commission. On November 28, 2007, the Plaintiff moved to Stay Proceedings before the Commission to allow him to commence a lawsuit in federal court, and in December, 2007, the Commission granted that Motion.

## PARTIES

6. At all times relevant to this action Mr. Wiggins was employed by Allied.

7. At all times relevant to this action Allied was a corporation engaged in the business of manufacturing galvanized steel tubing.

## STATEMENT OF FACTS

8. Mr. Wiggins, a black man, began employment with Allied in 1970 as a maintenance worker. In 1998 Allied promoted him to Electronic Technician.

9. On February 13, 2006, Wiggins applied for the position of Maintenance Supervisor.

10. In June, 2006, Allied promoted an Hispanic man, Ed Gonzales, to Maintenance Supervisor.

11. Allied has claimed that it promoted Gonzales because he had a B.S. degree in Mechanical Engineering, and six years of supervisory experience, whereas Wiggins had only two associate degrees, and needed to improve his communication skills.

12. Allied's reasons for promoting Gonzales over Wiggins are pretextual because, *inter alia*, Gonzales had only approximately four years of supervisory experience, but Wiggins was the most senior technician in the department, was considered him the "go-to" guy in the department, had four years of supervisory experience and had thirty five years of experience working for Allied.

13. Moreover, communications skills were not mentioned in the job description.

14. By failing to promote Wiggins because of his race, Allied discriminated against Wiggins in violation of the Civil Rights Act of 1964.

14. As a result of Allied's failure to promote Wiggins, he suffered substantial back pay and emotional distress damages.

WHEREFORE, the Plaintiff prays that this court render judgment for the Plaintiff and against the Defendant for back pay damages and interest thereon in an amount to be determined at trial, compensatory damages in the amount of $300,000, punitive damages, attorneys fees, costs of this lawsuit, and such other relief as the court deems to be appropriate.

Stuart K. Jones

Stuart K. Jones
150 North Michigan Avenue, Suite 2600
Chicago, Illinois 60601
(312) 602-2424