UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD WIGGINS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 08C978 |
| | ) |
| **ALLIED TUBE & CONDUIT COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, ALLIED TUBE & CONDUIT COMPANY, by and through its attorneys, hereby answers the allegations of Plaintiff's Complaint as follows:

NATURE OF ACTION

1.     This action is brought for lost back pay damages, compensatory damages and punitive damages, costs of the lawsuit, attorney fees, and other appropriate recovery because Allied discriminated against the Plaintiff on the basis of his race in the terms and conditions of his employment by not promoting him to a supervisory position.

**ANSWER:     Defendant admits that the Complaint seeks the damages listed in paragraph 1 based on the allegations of race discrimination, but denies that that it discriminated against Plaintiff and denies that Plaintiff is entitled to any relief. Defendant denies the remaining allegations made in paragraph 1.**

JURISDICTION

2.     At all times relevant to this action Mr. Wiggins resided in the Northern District of Illinois at 17615 Balmoral Lane, Hazel Crest, Illinois, 60429.

**ANSWER:     On information and belief, Defendant admits the allegations made in paragraph 2.**

3. At all times relevant to this action Allied was a corporation doing business in the Northern District of Illinois at 16100 Lathrop Street, in Harvey, Illinois.

**ANSWER:** **Defendant admits the allegations made in paragraph 3.**

4. Allied is an employer within the meaning of Title VII because it employed more than fifteen employees during 2006 and 2007.

**ANSWER:** **Defendant admits the allegations made in paragraph 4.**

5. On September 25, 2006, the Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights. On July 17, 2007, the Department made a finding of Substantial Evidence as to the charge and, on July 24, 2007, filed a Complaint of Civil Rights Violation with the Illinois Human Rights Commission. On November 28, 2007, the Plaintiff moved to Stay Proceedings before the Commission to allow him to commence a lawsuit in federal court, and in December, 2007, the Commission granted that Motion.

**ANSWER:** **Defendant admits the allegations made in paragraph 5.**

## PARTIES

6. At all times relevant to this action Mr. Wiggins was employed by Allied.

**ANSWER:** **Defendant admits the allegations made in paragraph 6.**

7. At all times relevant to this action Allied was a corporation engaged in the business of manufacturing galvanized steel tubing.

**ANSWER:** **Defendant admits the allegations made in paragraph 7.**

## STATEMENT OF FACTS

8. Mr. Wiggins, a black man, began employment with Allied in 1970 as a maintenance worker. In 1998 Allied promoted him to Electronic Technician.

**ANSWER:** **Defendant admits the allegations made in paragraph 8.**

9.  On February 13, 2006, Wiggins applied for the position of Maintenance Supervisor.

**ANSWER:   Defendant admits the allegations made in paragraph 9.**

10. In June, 2006, Allied promoted a Hispanic man, Ed Gonzales, to Maintenance Supervisor.

**ANSWER:   Defendant admits the allegations made in paragraph 10.  Answering further, Mr. Gonzalez had been an Acting Maintenance Supervisor since on or about February 6, 2006.**

11. Allied has claimed that it promoted Gonzales because he had a B.S. degree in Mechanical Engineering, and six years of supervisory experience, whereas Wiggins had only two associate degrees, and needed to improve his communication skills.

**ANSWER:   Defendant admits that Gonzales having a B.S. degree in Mechanical Engineering and six years of supervisory experience were among the reasons that he was selected for the Maintenance Supervisor position, but denies that those factors were the only reasons Gonzales was selected.  Defendant denies the remaining allegations as they are framed in paragraph 11.**

12. Allied's reasons for promoting Gonzales over Wiggins are pretextual because, *inter alia,* Gonzales had only approximately four years of supervisory experience, but Wiggins was the most senior technician in the department, was considered him [sic] the "go-to" guy in the department, had four years of supervisory experience and had thirty five years of experience working for Allied.

**ANSWER:   Defendant denies the allegations made in paragraph 12.**

13.     Moreover, communications skills were not mentioned in the job description.

**ANSWER:     Defendant denies the allegation made in paragraph 13.**

14.     By failing to promote Wiggins because of his race, Allied discriminated against Wiggins in violation of the Civil Rights Act of 1964.

**ANSWER:     Defendant denies the allegations made in paragraph 14.**

WHEREFORE, the Plaintiff prays that this court render judgment for the Plaintiff and against the Defendant for back pay damages and interest thereon in an amount to be determined at trial, compensatory damages in the amount of $300,000, punitive damages, attorneys fees, costs of this lawsuit, and such other relief as the court deems to be appropriate.

**ANSWER:     Defendant denies that Plaintiff is entitled to any relief.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Any employment decisions made by Defendant concerning Plaintiff were based upon legitimate, non-discriminatory reasons.

### Second Affirmative Defense

Even if the trier of fact were to determine that discriminatory motives or reasons played any part in the employment decisions or actions regarding the Plaintiff, which Defendant denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory, reasons.

### Third Affirmative Defense

Defendant took prompt, remedial action in response to any complaint made by Plaintiff regarding discrimination and/or failure to promote.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that:

1. the complaint be dismissed with prejudice;

2. Plaintiff recover nothing;

3. the costs of this action, including reasonable attorneys fees, be taxed against the Plaintiff; and

5. the court order such other relief as it deems just and proper.

                Respectfully submitted,

                ALLIED TUBE & CONDUIT COMPANY

Dated: May 27, 2008        By /s/ Jennifer L. Colvin
                          One of Its Attorneys

Robert P. Casey (ARDC #00409049)
Jennifer L. Colvin (ARDC #6274731)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
Two First National Plaza
Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603-1891

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 27th day of May, 2008, the foregoing **DEFENDANTS' ANSWER TO COMPLAINT** was filed electronically with the clerk of court using the ECF system, which sent notification of such filing to the following:

>Stuart K. Jones
>150 North Michigan Avenue, Suite 2600
>Chicago, Illinois 60601

>By /s/ Jennifer L. Colvin
>One of Its Attorneys

Robert P. Casey (ARDC #00409049)
Jennifer L. Colvin (ARDC #6274731)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Two First National Plaza
Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603